**IN THE UNITED STATES**
**DISTRICT COURT FOR THE**
**DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-1390

SEDIMENT BUSTER, LLC

      Plaintiff,

      v.

LI DANUA

      Defendant.

---

## VERIFIED COMPLAINT

---

Plaintiff Sediment Buster, LLC ("Plaintiff"), by and through its undersigned counsel, alleges as follows:

### NATURE OF THE ACTION

1. This is an action for willful trademark infringement, reverse palming off arising from Defendant's unauthorized use and exploitation of Plaintiff's federally registered trademarks and original copyright-protected works in connection with the manufacture, marketing, and sale of counterfeit goods via online retail platforms, including Amazon.com.

2. Plaintiff seeks injunctive relief, damages, disgorgement of Defendant's ill-gotten profits, statutory damages, treble damages for willful conduct, attorneys' fees, and costs pursuant to the Lanham Act, 15 U.S.C. §§ 1114, 1125..

1

**JURISDICTION AND VENUE**

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121, as it involves claims arising under federal trademark.

4.  This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) because Defendant has directed infringing activities toward residents of the United States, including this District, via interactive commercial websites, and has caused Plaintiff injury in this jurisdiction.

5.  Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a) because a substantial part of the acts giving rise to Plaintiff's claims occurred in this District and Defendant conducts business in this District through online sales accessible to consumers located here.

6.  As an additional basis for venue in this Court, the Defendant has consented to venue in any judicial district in the United States where Amazon may be found. Upon information and belief, Amazon conducts business within the State of Colorado.

**THE PARTIES**

7.  Plaintiff Sediment Buster is Florida limited liability company is organized under the laws of the State of Florida, with its principal place of business at 1502 Rail Head Boulevard, Naples, FL 34110. Plaintiff is a well-established manufacturer and seller of a multi-functional tool for maintaining and cleaning water heaters, marketed under its distinctive and federally registered trademark.

8.  Plaintiff is the owner of United States Trademark Registration No. 7394935 (the "Trademark"), covering Plumbing fittings, namely, manually operated device for

controlling the injection of fluid into a water heater drain outlet; Plumbing fittings, namely, valves; Manually-operated plumbing valves, with a priority date of November 2023, and registered with the United States Patent and Trademark Office.

9.  Plaintiff is also the exclusive owner of original photographic works, including product designs, packaging artwork, and promotional images associated with its branded goods.

10. Upon information and belief, Defendant Li Danua is an individual residing in the People's Republic of China, feiyunlu9hao handedasha1-2haolou 8ceng 811bangongshi, nanningshi, (zhongguo) guangxiziyoumaoyishiyanqunanningpianqu,guangxi, 530201 CN[1] and conducts commercial activities in the United States, including this District, through its online storefront on Amazon.com.

## FACTUAL BACKGROUND

### Sediment Busters

11. Since releasing its product into the marketplace in 2023, the Plaintiff is a leader in water heater maintenance tools in the United States, and as a result of its success, the consuming public has come to associate "Sediment Buster" with the quality of its product.

12. For approximately two years, the Plaintiff has sold its water heater maintenance tool under the "Sediment Buster" brand.

13. The Sediment Buster product is used by plumbing professionals and lay people to resolve common issues with residential water heaters such as low-pressure hot water, popping noises originating with a water heater, rapid depletion of hot water, discolored hot water and high energy bills.

---

[1] This address was provided by the Defendant to Amazon, in this format.

14. Customers value the ease of use and quality of the materials used to create the Sediment Buster water heater cleaning tool.

15. Plaintiff has developed substantial goodwill and consumer recognition in its Trademark through continuous use and investment in marketing and product quality.

16. The Plaintiff operates the Sediment Buster online store on Amazon.com, where plumbers or lay persons may directly purchase the official and authorized Sediment Buster water heater cleaning tool.

17. The Sediment Buster online store has been successful in the growth of the Plaintiff's business, and the source of at least 80,000 units.

18. Joel Sprecher is an owner and manager of Sediment Buster.

19. As a part of its marketing efforts to promote the sale of the Sediment Buster water heater cleaning tool, the Plaintiff has included several photographs of its product from a variety of angles to communicate information about the appearance, shape and size of its product, as well as to communicate to customers information about the proper use of the product.

20. The Plaintiff has submitted an expedited application with the U.S. Copyright Office to register the following image, which is owned by Sediment Buster and that has been posted by the Plaintiff on the Sediment Buster Amazon store and on its own website since at least November 22, 2023, if not earlier.

4



21. The registered Sediment Buster trademark is found on two locations on the product as demonstrated in the above photograph. One mark is located in white, stylized font on the black portion of the product. The other mark is located in a stylized font on the clear plastic portion at the top of the product.

## **Selling Products on an Amazon Store**

22. Amazon.com is an online marketplace that both acts as a seller as well as a marketplace for businesses or individuals to sell products and services on Amazon.com.

5

23. Upon information and belief, Amazon allows user accounts to create merchant accounts that allow the user to sell products and services on the Amazon.com website.

24. Upon information and belief, Amazon assigns a unique ten-digit alphanumeric code called an Amazon Standard Identification Number ("ASIN") to each product offered for sale on Amazon's website.

### The Defendant

25. At some time prior April 15, 2025, the Defendant opened its Amazon.com store.

26. On its Amazon store, the Defendant sells products to customers in the United States, including customers located within this judicial district.

27. On or about April 15, 2025, Mr. Sprecher logged into the Amazon brand registry and performed a search of the image identified above.

28. The Amazon brand registry system is a service offered by Amazon that allows users to search for an image across Amazon's website. This allowed Mr. Sprecher to find other vendors, including the Defendant, who used the above Sediment Buster picture on their Amazon store.  Defendant's Amazon store.

29. The brand registry searching tool is useful because it led Mr. Sprecher to discover use of the Sediment Buster's photograph on Amazon stores where the vendor, like the Defendant, had posted an image that removed Sediment Buster's registered trademark.

30. While reviewing the Defendant's Amazon store, Mr. Sprecher noticed that images found on the Defendant's online Amazon store were the same images as those owned by the Plaintiff, including:

6



a.



b.



c.

31. Each of these images contain the exact same copy of the photograph owned by Sediment Buster.

32. In each of these three images found on the Defendant Amazon's store, Sediment Buster's registered trademark has been removed from both the black portion and the clear plastic portion of the product.

33. The removal of the Plaintiff's registered trademark was intended to conceal infringement on the part of the Defendant.

34. The Plaintiff has not authorized, licensed, or consented to the Defendant's use of the Plaintiff's copyrighted images or federal trademark registration.

35. Additionally, the Plaintiff has not authorized, licensed, or consented to the Defendant altering or modifying the Plaintiff's copyright-protected images, or remove the Plaintiff's registered trademark from the product.

36. Without authorization, license, or consent, Defendant has engaged in the manufacture, importation, advertisement, offer for sale, and sale of counterfeit products following removal of Plaintiff's Trademark via Amazon.com and other channels of trade.

**Commencement of Amazon Dispute Process**

37. Following discovery of the Defendant's infringing activities on Amazon.com, on or about April 15, 2025, Joel Sprecher, on behalf of the Plaintiff notified Amazon of the infringement by submitting a claim under the Digital Millennium Copyright Act through Amazon's dispute resolution process.

38. Amazon assigned Complaint ID 17590876611 to the complaint submitted on behalf of the Plaintiff.

39. The Amazon dispute identified ASIN B0F4KJ8QMQ as the ASIN at issue.

8

40. Amazon.com accepted the dispute submitted by Sediment Buster and removed the Defendant's infringing listing.

41. The Defendant responded to the notice and stated that:

   a.  The Defendant stated that its full legal name is lidanhua

   b.  The Defendant stated that its email address is 13197517872@163.com

   c.  The Defendant stated that its address is feiyunlu9hao handedasha1-2haolou 8ceng 811bangongshi, nanningshi,

      (zhongguo) guangxiziyoumaoyishiyanqunanningpianqu,guangxi, 530201 CN

42. With the exception of removal of the Sediment Buster registered trademark, Defendant's counterfeit goods are visually indistinguishable from Plaintiff's genuine products and are marketed to U.S. consumers under the false pretense that they originate from, are authorized by, or are otherwise affiliated with Plaintiff.

43. Defendant's infringing conduct includes, upon information and belief, reverse palming off by removing or altering Plaintiff's Trademark and falsely presenting Plaintiff's copyrighted materials and product imagery as originating from Defendant.

44. Defendant's actions are likely to cause, and have caused, confusion, mistake, and deception among consumers as to the origin, sponsorship, and affiliation of Defendant's goods.

45. The Defendant's actions have additionally diluted the value and reputation of the Plaintiff's federal trademark registration.

46. Upon information and belief, the Plaintiff has received complaints from consumers who have purchased a water heater product from infringers such as the Defendant regarding

the poor quality of infringing products, and who have confused the Plaintiff for the Defendant.

47. Defendant's conduct is willful, deliberate, and undertaken with actual knowledge of Plaintiff's rights and with the intent to trade upon Plaintiff's substantial goodwill and reputation.

## CLAIMS FOR RELIEF
## COUNT I
## Trademark Infringement (15 U.S.C. § 1114)

48. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

49. Defendant's unauthorized use of Plaintiff's federally registered Trademark in commerce in connection with the sale and distribution of counterfeit products constitutes trademark infringement under 15 U.S.C. § 1114.

50. Defendant's infringing acts have caused, and will continue to cause, irreparable harm to Plaintiff's reputation, goodwill, and business interests unless enjoined.

51. Plaintiff is entitled to injunctive relief, an accounting of Defendant's profits, actual damages, statutory damages, treble damages, attorneys' fees, and costs under 15 U.S.C. §§ 1116 and 1117.

## COUNT II
## Reverse Palming Off (15 U.S.C. § 1125(a))

52. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

53. Defendant has engaged in reverse palming off by advertising, offering for sale, and distributing goods having removed Plaintiff's trademark and/or products originally produced by Plaintiff, while falsely presenting them as Defendant's own.

10

54. Defendant's conduct constitutes unfair competition and reverse palming off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer irreparable harm, for which Plaintiff is entitled to injunctive relief, monetary damages, Defendant's profits, and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

A. Granting preliminary and permanent injunctive relief enjoining Defendant and all persons acting in concert with it from infringing Plaintiff's trademark;

B. Ordering Defendant to deliver up for destruction all infringing products, labels, advertising, and promotional materials in its possession or control;

C. Awarding Plaintiff all damages sustained as a result of Defendant's wrongful acts, including statutory damages, treble damages for willful infringement, and disgorgement of Defendant's profits;

D. Awarding Plaintiff its reasonable attorneys' fees and costs of suit; and

E. Awarding such other and further relief as this Court deems just and proper.

Dated this 2nd day of May, 2025

WALSH IP LAW

By: ___s/ Thomas P. Walsh, III_____
Thomas P. Walsh, III
Colo. Reg. No. 39800
7350 E Progress Place, Ste 100
Greenwood Village, CO 80111
Tel. (720) 204-5672

Attorneys for Plaintiff Sediment Buster LLC

Address of Plaintiff:
1502 Rail Head Boulevard
Naples, FL 34110

## **VERIFICATION**

I, Joel Sprecher, declare under penalty of perjury that the foregoing factual allegations are true and correct to the best of my knowledge, information and belief.

Signed in Castle Rock, Colorado.

_____

Joel Sprecher
Manager, Sediment Busters, LLC

May 2, 2025

_____

Date

13